# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAULINE P. PISTERZI CANDELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17 C 3620 |
| SHIFTGIG BULLPEN TEMP. EMP. AGCY., et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff Pauline Pisterzi Candell ("Candell") used the Clerk's-Office-supplied form of "Complaint of Employment Discrimination" to sue her former employers Shiftgig Bullpen Temp. Emp. Agcy. ("Shiftgig") and Ackland Financial Group ("Ackland"), with Candell having checked Complaint ¶ 9 boxes for asserted discrimination on the basis of age, color, religion, sex and a hand-printed addition of "equal pay." Because Candell has paid the $400 filing fee, this Court is contemporaneously issuing its typical initial scheduling order for cases newly assigned to its calendar -- but preceding the first designated status hearing date Candell must (in addition, of course, to serving the two co-defendants with process) fill in a critical gap in what she has advanced in the Complaint.

Unfortunately no change has been made in the printed form of Complaint since the anything-goes approach taught in Conley v. Gibson, 355 U.S. 41 (1957) was supplanted by the addition of a "plausibility" requirement by what this Court regularly refers to as the "Twombly-Iqbal canon." And what that means is that the check-the-box approach prescribed in Complaint ¶ 9 provides no clue as to the grounds for a plaintiff's discrimination claim or

claims -- it simply requests a conclusory ipse dixit on Candell's part. And that gap is not filled by her Complaint ¶ 13 recitals of some job-related grievances against defendants, for there too Candell provides no causal connection between any prohibited discriminatory mindset and those grievances.

In addition, Candell must (as she has not) fill in whatever entries are appropriate in Complaint ¶ 12 and must also comply with her representation in Complaint ¶ 7.1(b) that she has attached to the Complaint a copy of the charge or charges of discrimination that she filed with EEOC, for she has not in fact done so. In the latter regard she did attach not just one but <u>two</u> EEOC right-to-sue letters as exhibits to the Complaint (one as to Shiftgig and the other as to Ackland), so that copies of both EEOC charges -- Nos. 440-2017-01959 and 440-2017-01961 -- must be filed as added exhibits to the Complaint on or before June 5, 2017. This Court will then determine whether anything further needs to be done before the initial status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 18, 2017