UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULINE P. PISTERZI CANDELL,<br><br>Plaintiff,<br><br>v.<br><br>SHIFTGIG BULLPEN TEMP. EMP. AGENCY and ACKLAND FINANCIAL GROUP,<br><br>Defendants. | No. 17 C 3620<br><br>Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

This is an action brought under the Age Discrimination in Employment Act of 1967 (ADEA) by Plaintiff Pauline P. Pisterzi Candell ("Candell") against Defendant Ackland Financial Group ("AFG").[1] Candell alleges that she was employed by AFG from August through December 2016, selling life insurance policies, and AFG discriminated against her because of her age. (Dkt. 48, Am. Compl.). The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On December 11, 2018, AFG filed a motion for summary judgment. (Dkt. 58). On December 25, 2018, Candell filed a motion to withdraw requests to admit and for extension of time to respond to AFG's motion for summary judgment.

---

[1] Candell and Defendant Shiftgig Bullpen have resolved their dispute. On November 30, 2018, Shiftgig was dismissed from the case with prejudice. (Dkt. 57).

(Dkt. 62). For the reasons set forth below, Candell's motion to withdraw requests to admit [62] is GRANTED.

## I. BACKGROUND

Candell is represented by counsel, but proceeded *pro se* in this case from the filing of her original complaint in May 2017 until February 2018. (Dkts. 1, 42). On January 9, 2018, when Candell was still *pro se*, the Court held a hearing on Defendant Shiftgig's, AFG's co-defendant, motion to compel her to answer discovery. (Dkt. 31). The Court granted the motion and ordered Candell to answer both Defendants' discovery requests by January 12, 2018. (*Id.*). On January 12, 2018, Candell answered AFG's First Requests to Admit. (Dkt. 35).[2] On April 13, 2018, Candell, represented by counsel and with leave of court, filed an amended complaint. AFG then served its Second Requests to Admit and Candell answered those requests on June 26, 2018. (Dkt. 60-2). In July 2018, the Court stayed discovery pending the outcome of a settlement conference. (Dkt. 53). The Court then lifted the stay and later extended fact discovery deadline to December 14, 2018. (Dkts. 54, 57).

AFG moved for summary judgment relying on (1) AFG's First Requests to Admit deeming them all admitted since Candell had not responded to them within the 30 days allotted in Fed. R. Civ. P. 36; (2) Candell's answers to AFG's First Requests to Admit; and (3) Candell's answers to AFG's Second Requests to Admit. (Dkt. 59, Dkt.

---

[2] Although AFG did not label them as such, for ease of reference, AFG's first Requests to Admit to Candell will be referred to herein as "AFG's First Requests to Admit" or "First RTAs" and its second Requests to Admit will be referred to as "AFG's Second Requests to Admit" or "Second RTAs."

60 at 1, n.1). After AFG filed for summary judgment, Candell moved to withdraw her requests to admit and to extend time to respond to AFG's motion, arguing that she was *pro se* when the First Requests to Admit were served, she timely answered AFG's Second Requests to Admit, and granting her motion would promote the presentation of the merits of the case. (Dkt. 62). AFG filed a response brief to Candell's motion on January 7, 2019, contending that Candell failed to show that withdrawing her responses would serve the merits of the case and AFG would be unfairly prejudiced because it had already filed a summary judgment motion in reliance on the admissions. (Dkt. 66).

## II. DISCUSSION

### A. Standard

Federal Rule of Civil Procedure 36 governs requests for admission and states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Withdrawal or amendment is "appropriate if it 'would promote the presentation of the merits of the action' and if the party who obtained the admission will not be prejudiced by a withdrawal or amendment." *Blow v. Bijora, Inc.*, 855 F.3d 793, 799 (7th Cir. 2017) (quoting Fed. R. Civ. P. 36(b)). Part (b) of Rule 36 "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b), Advisory Committee Notes (1970). The

decision about whether to allow withdrawal or amendment is a discretionary one. *See Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016).

**B. Analysis**

*1. Granting Candell's motion promotes the presentation of the merits*

Candell asserts that the merits of this case would be served by permitting her to withdraw her admissions to AFG's First Requests to Admit because they were made when she was *pro se*. She also argues, and AFG does not contest, that her answers to the Second Requests to Admit were timely served and consistent with both her amended complaint and the affidavit of Mr. Andre Rodriguez (who also worked at AFG in 2016), which she previously provided to AFG in her response to requests for document production. AFG responds that allowing Candell to withdraw her admissions because they contradict her amended complaint would be contrary to the spirit of Rule 36. AFG further argues that "*[p]ro se* litigants are held to the same standard as those represented by counsel." (Dkt. 66 at 3).

The parties dispute the import of Candell's previous *pro se* status. The Seventh Circuit has explained, "[t]hat courts are required to give liberal construction to pro se pleadings is well established…However, it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (internal citation omitted). With regard to Rule 36 requests to admit, courts have "afford[ed] pro se litigants in particular the opportunity to avoid the consequences of failing to respond to Rule 36(a) requests to admit." *White v. Tanula*, 2018 U.S. Dist. LEXIS 70997, at *5 (W.D. Wis. Apr. 27, 2018)

(declining to deem matters admitted against *pro se* plaintiff and allowing plaintiff to respond anew to requests to admit); *see also Paymaster Corp. v. Cal. Checkwriter Co.*, 1996 U.S. Dist. LEXIS 13943 at *6 (N.D. Ill. Sep. 20, 1996) (allowing pro se defendant to withdraw default admissions and amend responses in response to plaintiff's motion for summary judgment).

The Court believes the circumstances of this case warrant taking Candell's *pro se* status into account in deciding this motion. This Court's January 9, 2018 order directed Candell to respond to *Defendants'* (plural) discovery requests by January 12, 2018. (Dkt. 31). She reasonably interpreted this order to apply to her answers to AFG's First Requests to Admit, and met this deadline. So the Court does not deem the First Requests to Admit to be default admissions because of timeliness. Even so, the Court would permit Candell to withdraw her responses whether the matters were "admitted" by default or taken as substantive responses (and AFG attempts to rely on them for both purposes in its summary judgment). Indeed, approximately four months after receiving answers to AFG's First Requests to Admit, AFG chose to serve its Second Requests to Admit on Candell. The Second Requests contain 23 requests, covering some of the same matters from AFG's first requests.[3] Candell, represented by counsel, timely responded to AFG's Second Requests to Admit; some of those responses contradict matters in the First Requests to Admit.[4]

---

[3] *Compare e.g.,* "AFG does not have 15 employees." (First RTAs, ¶ 8) *to* "AFG did not have 20 employees at the time the Plaintiff commenced this action." (Second RTAs, ¶ 2).
[4] *Compare e.g.,* First RTA ¶ 4, "Plaintiff was never an employee of Ackland Financial Group", which if deemed admitted would contradict Candell's response denying that "Plaintiff was never an 'employee' of AFG within the meaning of Title VII." (Second RTAs, ¶ 8).

Although the Court agrees with AFG that Candell's counsel should have filed a motion earlier in the case to withdraw or amend the First Requests to Admit, the harsh result requested by AFG is not justified.[5] AFG does not point to any evidence of intentionality or bad faith by Candell or her counsel to unreasonably avoid deadlines or delay the proceedings, and the Court has not observed any. Therefore, the merits are served by allowing Candell to withdraw the First Requests to Admit and ordering the Second Requests to Admit to be the operative requests to admit in this case. This result is especially warranted where, as explained below, AFG has failed to demonstrate prejudice.

### 2. *AFG has failed to demonstrate prejudice*

The Court begins with AFG's contention that Candell must demonstrate that AFG would not be prejudiced by Candell withdrawing her admissions. (Dkt. 66 at 1). This is incorrect. The law puts this burden on AFG, not Candell: "A court may permit withdrawal of an admission if the party opposing withdrawal fails to show prejudice." *Johnson v. Target Corp.*, 487 F. App'x 298, 300 (7th Cir. 2012); *Cf. Banos v. City of Chi.*, 398 F.3d 889, 893 (7th Cir. 2005) (party opposing withdrawal of admissions met burden to establish prejudice.).

AFG argues that it relied on Candell's admissions in its motion for summary judgment. (Dkt. 66). This "prejudice" is not enough under Rule 36 and the case law. Rule 36(b) "assur[es] each party that *justified reliance* on an admission…will not operate

---

[5] On the other hand, AFG never requested that the Court deem the First RTAs admitted during the discovery period despite Candell's allegedly late responses.

to his prejudice." Fed. R. Civ. P. 36(b), Advisory Committee Notes (emphasis added). *See Blow,* 855 F.3d at 800 ("[prejudice] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of a sudden need to obtain evidence with respect to the questions previously answered by the admission.") (internal citation and quotations omitted); *Paymaster Corp.*, 1996 U.S. Dist. LEXIS 13943, at *5 ("prejudice must be based on the party's detrimental reliance on such admissions.").

Furthermore, that AFG served and received responses to its Second Requests to Admit, which covered some of the same topics as in the First Requests to Admit, mitigates any claimed prejudiced. Notably, AFG does not argue that exchanges during discovery supported its reliance on Candell's alleged admissions. *See Blow*, 855 F.3d at 800 (affirming finding of no prejudice where "none of the parties' exchanges during discovery would have supported such a reliance [on the alleged admission]"). To the contrary, Candell argues, and AFG does not contest, that her amended complaint and the affidavit submitted in her discovery responses were consistent with her responses to the *Second* Requests to Admit. Moreover, AFG had the opportunity to depose Candell to clear up any confusion with regard to any of the requests to admit.

Nevertheless, AFG relies on several district court cases for the proposition that "withdrawal of admissions after a motion for summary judgment is filed is prejudice." (Dkt 66 at 3–4). None of these cases stand for such a general proposition. In *Tidwell v. Daley*, 2001 U.S. Dist. LEXIS 18491 (N.D. Ill. Nov. 8, 2001), for example, the

district judge denied plaintiff's motion to withdraw or amend default admissions, explaining: "This case has been fraught with delays and missed deadlines almost from its inception…Defendants relied on months of inaction by Tidwell and two rulings by this court that the matters in the requests were conclusively admitted. Defendants conducted their discovery according to that reliance, and the instant motion was not actively pursued until the time for discovery had expired." *Id*. Unlike in *Tidwell*, this Court has not previously ruled that Candell has conclusively admitted any matters, AFG does not argue that it conducted discovery in reliance on Candell's alleged admissions, and this is not a case "fraught with delays and missed deadlines."

Thus the Court finds that granting Candell's present motion serves the merits of this action and that AFG failed to demonstrate prejudice. *See Simstad*, 816 F.3d at 899 ("The inability to rely on default admissions and the obligation to litigate a case on the merits" were not prejudicial and did not reflect an abuse of discretion.).

### III. CONCLUSION

For the reasons stated above, Plaintiff Pauline Candell's Motion to Withdraw Requests to Admit [62] is **GRANTED**. In light of this ruling, Plaintiff's answers to the First Requests to Admit (Dkt. 35) are withdrawn. The previously-set summary judgment briefing schedule (Dkt. 61) is stricken. Defendant AFG may submit a revised

statement of uncontested facts and summary judgment briefing by 1/28/19; Candell's response is due 2/18/19; AFG's reply, if any, is due 3/4/19.

E N T E R:

Dated: January 14, 2019

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge