# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAULINE P. PISTERZI CANDELL, <br><br> Plaintiff, <br><br> v. <br><br> SHIFTGIG BULLPEN TEMP. EMP. AGENCY and ACKLAND FINANCIAL GROUP, <br><br> Defendants. | No. 17 C 3620 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

This is an action brought under the Age Discrimination in Employment Act of 1967 ("ADEA") by Plaintiff Pauline P. Pisterzi Candell ("Candell") against Defendant Ackland Financial Group ("AFG").[1] Candell alleges that she was employed by AFG from August through December 2016, selling life insurance policies, and AFG discriminated against her because of her age. (Dkt. 48, Am. Compl.). The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). On December 11, 2018, AFG filed a motion for summary judgment. (Dkt. 58). For the reasons set forth below, AFG's motion for summary judgment [58] is GRANTED.

---

[1] Candell and Defendant Shiftgig Bullpen ("Shiftgig") have resolved their dispute. On November 30, 2018, Shiftgig was dismissed from the case with prejudice. (Dkt. 57).

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed "must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Parties must set forth and respond to proposed undisputed facts and provide support with admissible evidence. *See id.*; L.R. 56.1.

Local Rule 56.1(b)(3)(B) requires the nonmovant to file "a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). Additionally, Local Rule 56.1(b)(3)(C) requires the nonmovant to file a response containing a separate "statement . . . of any additional facts that require the denial of summary judgment." L.R. 56.1(b)(3)(C).

In making a summary judgment determination, courts "generally will construe all facts and reasonable inferences in the light most favorable to the non-moving party."

*Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013). However, when the non-moving party does not respond to a movement's statement of facts in support of its motion for summary judgment as mandated by L.R. 56.1, courts must "depart from [the] usual deference towards the non-moving party . . . and accept all of [the movant's] unopposed material facts as true. *Id.* (*citing Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir.1994)); *see also* L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). This is true even when the non-movant is *pro se. Morrow v. Donahoe,* 564 F. App'x 859, 860 (7th Cir. 2014) (noting that a plaintiff's "*pro se* status does not relieve her" of the requirements of L.R. 56.1); *Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("it is also well established that *pro se* litigants are not excused from compliance with procedural rules").

Here, Candell did not follow the requirements of L.R. 56.1. Specifically, Candell did not "admit or deny every factual statement proffered by the moving party and [ ] concisely designate any material facts that establish a genuine dispute for trial" as required. *Ricco v. Sw. Surgery Ctr., LLC*, 73 F. Supp. 3d 961, 965 (N.D. Ill. 2014) (citing LR. 56.1(b)(3)). Candell does not address any of AFG's uncontested facts. (Dkt. 79). As such, the Court accepts all of Defendant's unopposed material facts as true. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.").

## II. RELEVANT BACKGROUND FACTS[2]

AFG initially moved for summary judgment on December 11, 2018 relying on (1) AFG's First Requests to Admit deeming them all admitted since Candell had not responded to them within the 30 days allotted in Fed. R. Civ. P. 36; (2) Candell's answers to AFG's First Requests to Admit; and (3) Candell's answers to AFG's Second Requests to Admit. (Dkt. 59, Dkt. 60 at 1, n.1). After AFG filed for summary judgment, Candell, newly represented by counsel, moved to withdraw her responses to AFG's First Requests to Admit and to extend time to respond to AFG's motion. (Dkt. 62). Candell argued that she was *pro se* when the First Requests to Admit were served, she timely answered AFG's Second Requests to Admit with the assistance of counsel, and granting her motion would promote the presentation of the merits of the case. (*Id.*). The Court granted Candell's motion and allowed AFG to submit a revised statement of uncontested facts and summary judgment briefing by January 28, 2019. (Dkt. 68). Candell's response to AFG's motion for summary judgment was due by February 18, 2019. (*Id.*). AFG submitted its revised Rule 56.1 statement on January 28, 2019. (Dkt. 71).

On February 11, 2019, Candell's attorney, Mitchell Kline, moved to withdraw as Candell's attorney due to her failure to pay his fees. (Dkt. 73). The Court granted Mr. Kline's motion and reset the briefing schedule, giving Candell until April 5, 2019 to file a response and AFG until May 6, 2019 to reply. (Dkt. 76). Candell, once again proceeding *pro se*, filed a response to AFG's motion on April 11, 2019. (Dkt 79). In her

---

[2] Unless otherwise indicated, the Court cites to Defendant's Revised Statement of Uncontested Facts (Dkt 71) for undisputed facts.

response brief, Candell did not respond to AFG's statement of facts in support of its motion for summary judgment as mandated by L.R. 56.1.

Based on Candell's failure to comply with Rule 56.1, the following facts are deemed admitted. Throughout the relevant period of August through December 2016, AFG had fewer than 20 employees. During this same time period, Candell was an employee of Shiftgig Bullpen ("Shiftgig"), which provides temporary employment. Through Shiftgig, Candell performed work as an independent contractor for AFG. Candell received a Form 1099 for the services she performed as an independent contractor, not a Form W-2, from AFG. Plaintiff did not receive any paid vacation days, sick days or holidays when performing work for AFG. Specialized skills and a license from the Illinois Department of Insurance were required for the work performed by Candell for AFG. Finally, Candell had the right to sell insurance in the same geographic area for others while performing work for AFG, and she was free to leave at any time.

### III. DISCUSSION

Defendant moves for summary judgment on two grounds: (1) AFG does not fall within the ADEA's definition of "employer"; and (2) Candell does not fall within the ADEA's definition of "employee." (Dkt. 59 at 3–6).

**a. AFG is not an "employer" under the ADEA**

Under the ADEA, it is unlawful "for an employer to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). An "employer" is defined under the ADEA as "a person engaged in an industry affecting commerce

who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). AFG's qualifying as an "employer" under the ADEA during the relevant time period "is an essential element of plaintiff's case, and a complete failure of proof as to that element would justify entering summary judgment in the defendant's favor, as there would be no genuine issue of material fact." *Burkhalter v. Brisk Transp., Inc.*, No. 93 C 2970, 1994 WL 280073, at *1 (N.D. Ill. June 17, 1994) (citing *Celotex,* 477 U.S. at 323).

AFG argues that because it had fewer than twenty employees during the relevant time-period, "AFG does not fall within the ADEA's definition of an 'employer,' and AFG is not covered by 29 USC 623(a)." (Dkt 59 at 3–4). In support of this argument, AFG submitted a Revised Rule 56.1(a)(3) Statement of Undisputed Material Facts, a Declaration of Allen Ackland (Exh. A, Dkt. 71-1), and W-2 forms from AFG's only five employees during the relevant time-period (Exh. C, Dkt. 71-3).

Plaintiff did not respond to this argument in her response brief nor did she contest Defendant' Revised Rule 56.1 Statement of Undisputed Facts or file a Statement of Additional Facts. A non-movant's failure to respond to arguments addressed in a summary judgment motion results in a waiver. *Betco Corp., Ltd. v. Peacock*, 876 F.3d 306, 309 (7th Cir. 2017) (underdeveloped or conclusory arguments in response to motion for summary judgement constitutes waiver); *Walton v. U.S. Steel Corp.*, 497 F. App'x 651, 655 (7th Cir. 2012) (non-movant waived argument "by failing to raise it in response to summary judgment"); *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) ("We have long refused to consider arguments that were

not presented to the district court in response to summary judgment motions."). This is also true for *pro se* plaintiffs. Although courts liberally construe a *pro se* plaintiff's filings, *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), a complete failure to respond to an argument results in a waiver. *See Martin v. Jones*, 752 F. App'x 368, 369 (7th Cir. 2019), *reh'g denied* (Mar. 5, 2019) (when a *pro se* litigant does not provide an "articulable basis" for disturbing a summary judgment ruling, "we cannot fill the void by crafting arguments and performing the necessary legal research.") (citations omitted); *see also Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001) ("We too construe *pro se* filings liberally, but still we must be able to discern cogent arguments in any appellate brief, even one from a *pro se* litigant.") (citations omitted).

Based on the uncontroverted evidence that AFG had fewer than twenty employees during the relevant time-period, it did not qualify as an "employer" under the ADEA. Thus the Court finds that there is no genuine issue of material fact for trial and grants summary judgment in AFG's favor. *See Burkhalter, Inc.*, 1994 WL 280073, at *3 (granting summary judgment in defendant's favor where "[p]laintiff has not presented specific facts showing that there is a genuine issue for trial, given defendant's uncontroverted evidence that it had no more than 17 employees during [the relevant period], and thus does not qualify as an 'employer' under § 630(b) of the ADEA."); *see also Toran v. Renk Sys. Corp.*, No. 117CV01101LJMMJD, 2017 WL 3621302, at *1–2 (S.D. Ind. Aug. 23, 2017) (granting summary judgement in defendant's favor where there was no material question of fact that defendant, at all

relevant times, had fewer than twenty employees and thus was not an "employer" under the ADEA).

**b. Candell is not an "employee" under the ADEA**

AFG argues that summary judgment is also warranted because Candell was not an "employee" of AFG under the ADEA. "Plaintiff bears the burden of providing evidence that there was an employer/employee relationship." *Balinski v. Hunter Eng'g Co.*, No. 96 C 1061, 1997 WL 223062, at *1 (N.D. Ill. Apr. 29, 1997). While the ADEA prohibits an employer from discriminating against its *employees* based on age, the statute "does not cover independent contractors." *Hayden v. La-Z-Boy Chair Co.*, 9 F.3d 617, 619 (7th Cir. 1993); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 642 (7th Cir. 2004) ("[T]he ADEA . . . only protect[s] 'employees' and not independent contractors."); *E.E.O.C. v. North Knox School Corp.*, 154 F.3d 744, 746–47 (7th Cir. 1998) (noting that independent contractors are excluded from the ADEA's protection). The Seventh Circuit applies a five factor "economic realities test" based on agency principles to determine whether an individual is an employee or an independent contractor under the ADEA. *North Knox*, 154 F.3d 744, 747 (7th Cir. 1998). These factors are:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the work place, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations.

*Id.* at 747. "The employer's right to control is the most important of these factors." *Levitin v. Nw. Cmty. Hosp.*, No. 16-3774, 2019 WL 2022426, at *2 (7th Cir. May 8, 2019) (quoting *Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377, 378–79 (7th Cir.1991)).

AFG argues that the uncontroverted evidence and Candell's own admissions indicate that she was an independent contractor, not an employee of AFG during the relevant time-period. In support of this argument, AFG submitted a Revised Rule 56.1(a)(3) Statement of Undisputed Material Facts (Dkt. 71), a Declaration of Allen Ackland (Exh. A, Dkt. 71-1), Plaintiff's 1099-Misc form from AFG (Exh. B, Dkt. 71-2), and Plaintiff's Contract and Indemnification Agreement as an Independent Sales Agent for AFG (Exh. C, Dkt. 71-3). As above, Candell did not respond to these arguments in her response brief nor did she contest any of the facts or evidence presented by AFG, thus waiving arguments in opposition to this issue.[3] But even if Candell is deemed not to have waived arguments, the undisputed facts cited by AFG warrant summary judgment.

It is undisputed that Candell was an independent contractor not an employee for AFG because: 1) throughout the relevant period, Candell was employed by Shiftgig,

---

[3] Instead of responding to AFG's undisputed statement of facts, Candell broadly asserts allegations of unpaid commissions and discriminatory compensation based on age. Her response states, without citation to admissible evidence, that the Vice President of Sales for AFG testified that Candell was "considered a reliable AFG employee." (Dkt. 79 at 1). Also attached to Candell's response is a spreadsheet that purports to reflect insurance policies that Candell wrote and her lost commissions. (*Id*. at 4). "[A] court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009). Candell's unsupported assertions and submissions do not create a question of fact to defeat summary judgment.

paid via Form W2 wages; 2) Candell never received a Form W2 from AFG, only a Form 1099 for services performed as an independent contractor; 3) AFG did not provide Candell any paid vacation days, sick days or holidays; 4) the work she performed for AFG required both specialized skills and a license from the Illinois Department of Insurance; 5) Candell had the right to sell insurance in the same geographic area for others while performing work at AFG; and 6) she was free to leave at any time while performing work at AFG; and 7) Candell signed an agreement as an "Independent Sales Agent." (*See* Dkt. 71).

Courts have found that summary judgment was warranted under similar facts presented here. For instance, in *Hayden*, the Seventh Circuit affirmed summary judgment where the district court found that plaintiff was an independent contractor not covered by the ADEA when considering plaintiff's independent sales representative agreement; the employer's failure to provide benefits, paid sick leave and vacation; and the employer's failure to withhold taxes. *Hayden*, 9 F.3d at 622. Similarly, in *Yonan v. U.S. Soccer Fed'n, Inc.*, 833 F. Supp. 2d 882, 892 (N.D. Ill. 2011), the court found plaintiff was an independent contractor and therefore not covered by the ADEA, noting that "a position that requires special skills and independent judgment weighs in favor of independent contractor status." *Id.* at 890. The court also noted that issuing Form 1099s is consistent with independent contractor status, whereas issuing W-2s is consistent with employment. *Id.* at 891. In *Durst*, the district court granted summary judgment after finding the undisputed facts provided "convincing evidence" plaintiff was an independent contractor considering

factors such as the plaintiff's employment agreement, the skills and certifications required to take the position as an insurance agent, and the fact that defendant did not withhold taxes. *Durst v. Illinois Farmers Ins. Co.*, No. 05 C 574, 2006 WL 1519322, at *2 (N.D. Ill. May 31, 2006).

In sum, the Court finds that Candell failed to meet her burden of proof for two essential elements of her case, namely that AFG qualifies as an "employer" under the ADEA and that she qualifies as an "employee" under the ADEA. As such, there is no genuine issue of material fact for trial, and the Court grants summary judgment in AFG's favor.

## IV. CONCLUSION

For the reasons discussed, Defendant Ackland Financial Group's motion for summary judgment [58] is GRANTED.

E N T E R:

Dated: May 20, 2019

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge